UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED

98 SEP 18 AM 8:11

N.D. OF ALABAMA

STEVE A. GEBERT, )
    Plaintiff, )
vs. ) Civil Action No. CV 98-S-1453-NE
ROBERT M. WALKER, ACTING )
SECRETARY OF THE ARMY; DEPT. )
OF THE ARMY; REDSTONE ARSENAL; )
UNITED STATES ARMY AVIATION )
AND MISSILE COMMAND, )
    Defendants. )

ENTERED

SEP 18 1998

MEMORANDUM OPINION

This action is before the court on motions by defendants seeking (1) a more definite statement as to Counts One, Two, and Nine of the complaint; (2) dismissal of Counts Three, Four, Five, Six, Seven, and Eight; and (3) (a) dismissal of Redstone Arsenal and United States Army Aviation and Missile Command, and (b) substitution of Louis Caldera, the current Secretary of the Army, as sole defendant.

I. MORE DEFINITE STATEMENT

Defendants contend plaintiff Gebert's allegations of reprisal in Counts One, Two, and Nine of the complaint are so vague and ambiguous defendants cannot frame a proper responsive pleading. Gebert does not allege dates of discrimination, names of discriminating officials, or specific events subjecting him to any specific reprisal in any of the counts. Gebert also has failed to

allege exhaustion of his administrative remedies, a prerequisite to any action by Gebert, a federal employee, for employment discrimination, *Newbold v. United States Postal Service*, 614 F.2d 46, 46 (5th Cir. 1980); *Porter v. Adams*, 639 F.2d 273, 275 (5th Cir. Unit A 1981), including age discrimination, *see Ray v. Nimmo*, 704 F.2d 1480, 1483-84 (11th Cir. 1983). Defendants seek a more definite statement, in part, to determine whether Gebert properly followed the applicable administrative procedures.

Furthermore, in Count Nine, one of the three allegations is that "Defendant violated Federal law pertaining to personnel actions." This sweeping allegation offers defendants no guidance as to what the particular claim is and from what law that claim, allegedly, is derived. Defendants' objection is well-taken.

As to Counts One, Two, and Nine, Gebert shall more clearly, succinctly, and in compliance with Federal Rule of Civil Procedure 8, allege what he is contending.

## II. DISMISSAL OF CLAIMS

### A. Count Three

Defendants contend Count Three is due to be dismissed for failure to state a claim upon which relief can be granted. Count Three alleges an action under 42 U.S.C. § 1983. This statute provides relief for injuries caused by those acting under color of <u>state</u> law, and does not apply to federal officials. *District of Columbia v. Carter*, 409 U.S. 418, 424-25, 93 S. Ct. 602, 606, 34 L. Ed. 2d 613 (1973); *see also Fullman v. Graddick*, 739 F.2d 533, 560

(11th Cir. 1984). Gebert alleges injury from actions of only federal officials.[1] Thus, this claim is due to be dismissed, and defendants' motion is due to be granted.

B. **Counts Four, Five, and Seven**

In Counts Four, Five, and Seven, Gebert alleges, respectively, abuse of process, defamation, and malicious prosecution. Defendants contend these claims should be dismissed, first, because the Civil Service Reform Act of 1978 ("CSRA") preempts state tort law claims. Second, defendants argue, Gebert failed to exhaust his administrative remedies as required under the Federal Tort Claims Act.

With regard to defendants' first contention, the counts are unclear as to the exact actions Gebert alleges to have caused his injuries. To the extent that these claims are based on "personnel decisions," that is, actions related to Gebert's status as a federal employee, the claims are governed by the Civil Service Reform Act ("CSRA"). 5 U.S.C. § 2302(a)(2); see *Hill v. Tennessee Valley Authority*, 842 F. Supp. 1413, 1417 (N.D. Ala. 1993) (citing *Rollins v. Marsh*, 937 F.2d 134, 138 (5th Cir. 1991)) (defamation action). The CSRA preempts state tort law.[2] See *Hill*, 842 F.

---

[1] Although a claim under the *Bivens* doctrine may be actionable for alleged due process violations, see *Ray v. Nimmo*, 704 F.2d 1480, 1485-86, *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91, S. Ct. 1999, 29 L. Ed. 619 (1971), Gebert alleges a claim under § 1983, and not directly under the constitution.

[2] The CSRA also precludes suits arising from personnel decisions, brought under the Federal Tort Claims Act. See *Rollins*, 937 F.2d at 139.

Supp. at 1417; see also *Rollins*, 937 F.2d at 138. Thus, review in this court of any state law tort claims involving "personnel decisions" would be precluded. To preserve these actions, Gebert must more clearly, succinctly, and in compliance with Federal Rules of Civil Procedure 8 and 12(e), allege what actions by defendants give rise to his tort claims.

In addition, the tort claims Gebert asserts in this action are against the federal government. Consequently, if the claims are outside the scope of the CSRA, to be viable, they must fall within the scope of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq. See *Campbell v. United States*, 962 F.2d 1579, 1581 (11th Cir. 1992) (citing *Carlson v. Green*, 312 U.S. 584, 586, 61 S. Ct. 767, 769-70, 85 L. Ed. 1058 (1941)); *Hughes v. United States*, 110 F.3d 765, 767-78 (11th Cir. 1997).

If the allegations state a claim under the FTCA, Gebert must comply with the FTCA's administrative requirements. Failure to exhaust these requirements raises a jurisdictional bar to Gebert's tort actions in this court. See *Lykins v. Pointer Incorporated*, 725 F.2d 645, 646 (11th Cir. 1984); *Gregory v. Mitchell*, 634 F.2d 199, 203-04 (5th Cir. Jan. 1981). Along with their motion, defendants submitted the declaration of Captain Erika A. Cain (Doc. No. 2, tab 4), Chief of Claims for Redstone Arsenal, in which Captain Cain professes to have no knowledge or record of any claim submitted by or on behalf of Steve A. Gebert. Given Gebert's failure to allege even a claim under the FTCA, and defendants'

submission of Captain Cain's declaration, Gebert's claims in Counts Four, Five, and Seven, to the extent they fall within the FTCA, are due to be dismissed. See Orlando Helicopter Airways v. United States, 75 F.3d 622, 625-26 (11th Cir. 1996). The court, therefore, will hold this motion in abeyance pending the more definite statement as to these counts. In other words, any claim under the FTCA is due to be dismissed, but Gebert still may allege claims under the CSRA for these counts.

C.   Count Six

In Count Six, Gebert seeks to allege a breach of contract claim: "The Defendants breached one or more agreements that they had with the Plaintiff, proximately causing damages." This bare allegation is insufficient to allow defendants to formulate a proper response.

The court notes also that the contract action may not lie if the contract in issue is one for federal employment, see Bell v. United States, 366 U.S. 393, 401, 81 S. Ct. 1235, 6 L. Ed. 2d 365 (1961), and that, depending on the amount in controversy, jurisdiction may lie exclusively in the United States Court of Federal Claims. See 28 U.S.C. § 1346(a)(2), § 1491.

At this time, the court will not grant the motion to dismiss this claim. Gebert, however, must more clearly, succinctly, and in compliance with Federal Rules of Civil Procedure 8 and 12(e), allege his breach of contract action. The court will hold the motion in abeyance.

D.  **Count Eight**

In Count Eight, Gebert alleges a claim under Alabama's recently enacted Age Discrimination Act, Ala. Code § 25-1-21 (1997 Supp.). Gebert's remedy for age discrimination against the United States Army, however, lies exclusively in the federal discrimination statute, the Age Discrimination in Employment Act ("ADEA"). *See Paterson v. Weinberger*, 644 F.2d 521, 525 (5th Cir. May 1981); *cf. Canino v. United States Equal Employment Opportunity Commission*, 707 F.2d 468, 472 (11th Cir. 1983) (citing *Newbold*, 614 F.2d at 47) (Title VII actions). Count Eight, therefore, is due to be dismissed, and defendants' motion is due to be granted.

### III. DISMISSAL AND SUBSTITUTION OF PARTIES

Defendants seek to dismiss all defendants other than the current Secretary of the Army, Louis Caldera, whom they claim is the only proper party to the claims of discrimination arising out of Gebert's employment. Defendants make no argument for dismissing defendants from the other claims.

The court agrees that the Secretary of the Army is the proper defendant for any discrimination claims, *i.e.* Title VII and ADEA claims. *See Canino*, 707 F.2d at 472 (citing *Newbold*, 614 F.2d at 47) (Title VII actions); *Attwell v. Granger*, 748 F. Supp. 866, 873, (N.D. Ga. 1990) *aff'd*, 940 F.2d 673 (11th Cir. 1991) (ADEA action). Given the disposition of this motion, however, dismissal of the other named defendants, for claims other than the discrimination claims, will be determined by Gebert's more definite statement.

The court encourages the parties to address this issue in their ensuing pleadings. The court will hold in abeyance defendants' motion for dismissal of parties, pending Gebert's more definite statements and any response by defendants.

Nevertheless, without objection, the court finds that Louis Caldera, the current Secretary of the Army, should be substituted for Robert M. Walker. This part of defendants' motion is due to be granted.

An order consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this the 17th day of September, 1998.

_____
United States District Judge