FILED

98 NOV 20 AM II: 27

U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| STEVE A. GEBERT, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. CV 98-S-1453-NE |
| LOUIS CALDERA, Secretary of the Army; et al.; | ) |
| | ) |
| Defendants. | ) |

ENTERED

NOV 2 0 1998

## MEMORANDUM OPINION

On October 27, 1998, plaintiff filed a "Supplemented and/or Amended Complaint" (Doc. No. 8) in response to this court's Order entered September 18, 1998 (Doc. No. 5). In this amended complaint, plaintiff alleges or realleges ten claims, all of which stem from plaintiff's employment. Plaintiff attaches two documents generated during his employment, as exhibits to the new pleading. This action presently is before the court on defendants' motion to dismiss plaintiff's "Supplemented and/or Amended Complaint" or, in the alternative, for a more definite statement.[1]

---

[1] The court will address all of defendants' pending motions under this latest motion. Prior to plaintiff's submission of the amended complaint, defendants had requested this court to dismiss counts one, two, four, five, six, seven, and nine of the original complaint for plaintiff's failure to respond to this court's Order of September 18, 1998 (Doc. No. 5) in a timely manner. (See defendants' motion to dismiss filed October 23, 1998, Doc. No. 6.) Defendants reassert this ground for dismissal of these claims as they appear in the amended complaint. The court also notes that, via the Order of September 18, this court held in abeyance defendants' motion to dismiss counts four, five, six, and seven of the original complaint and to dismiss certain defendants.

## I. PROCEDURAL HISTORY

In an order entered September 18, 1998 (Doc. No. 5), this court granted defendants' motion to dismiss certain claims, defendants' motion for a more definite statement as to others, and held in abeyance the motion to dismiss the remaining claims, pending submission of plaintiff's more definite statement. The court directed plaintiff to submit a more definite statement in compliance with Federal Rules of Civil Procedure 8 and 12(e). Thus, in order to comply with the directive of the court for the remaining claims, plaintiff needed to ensure his pleadings included:    (1) a short and plain statement of this court's jurisdiction; (2) "a short and plain statement of the claim showing that the pleader is entitled to relief"; and (3) a demand for judgment for the relief plaintiff seeks. Fed. R. Civ. P. 8.

Plaintiff's amended complaint makes changes only to paragraphs four, five, six, and eight of the forty paragraphs in the original complaint.    Moreover, these amendments were, as a whole, not responsive to the court's directives. Aside from the four amended paragraphs and excluding the paragraphs that constituted counts which have been dismissed, plaintiff repeats each remaining paragraph verbatim. What plaintiff did add, however, are three new causes of action.

2

This court ordered, in addition to satisfying Rule 8, that plaintiff submit the more definite statement in accordance with Rule 12(e). Rule 12(e) provides: "If the motion [for a more definite statement] is granted and the order of the court is not obeyed within 10 days after notice of the order ... the court may strike the pleading ... or make such order as it deems just." Thus, plaintiff was directed to submit a more definite statement on or before October 2, 1998 to avoid a probable penalty under Rule 12(e). Plaintiff filed the amended pleading on October 27, 1998.

## II. DISCUSSION

### A. Timeliness Of Pleading

This court's express directives notwithstanding, plaintiff added little information to support the original counts of his complaint, and filed the amended pleading on October 27, 1998, some twenty-five days after the October 2 deadline. Plaintiff never sought an extension of the applicable time frame, either from this court or from defendants. Rule 12(e) directs that, under such circumstances as exist in the instant case, the court "may strike the pleading ... or make such order as it deems just."

This court is loath to visit counsel's errors upon the client. Thus, the court will not strike the entire pleading solely on grounds of the amended pleading being woefully untimely.

3

## B. Counts One, Two, And Three Of The Amended Complaint

Plaintiff realleges counts one, two, and <u>nine</u> of his original complaint in counts one, two, and <u>three</u> in the amended complaint: (1) "Section 1613 and 1614: Reprisal"; (2) "Reprisal Through the Abuse of Personnel Actions"; and (3) "Reprisal/Violation of Personnel Actions." (Amended complaint, Doc. No. 8.) Plaintiff lists numerous statutes as bases for these claims: (1) Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*; (2) the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*; (3) the Equal Pay Act, 29 U.S.C. § 206(d); and (4) the Rehabilitation Act, 29 U.S.C. §§ 706, 791-794. Plaintiff also cites 29 C.F.R. § 1613 *et seq.*

Plaintiff's counts one, two, and three do little more than restate the law with references to plaintiff in an effort to allege claims, albeit in a conclusory fashion. Furthermore, the court cannot distinguish among these three claims, such as they are. As defendants illustrate in their memorandum in support of this motion, this court noted four specific deficiencies in plaintiff's prior pleading of these claims:

> Gerbert does not allege <u>dates</u> of discrimination, <u>names</u> of discriminating officials, or <u>specific events</u> subjecting him to any specific reprisal in any of the counts. Gerbert has also failed to allege <u>exhaustion of his administrative remedies</u>, a prerequisite to any action by

4

Gerbert, a federal employee ....

(Memorandum Opinion entered September 18, 1998, Doc. No. 4, at 1-2.) (Emphasis supplied.) In essence, plaintiff made insufficient, if any, factual allegations demonstrating an entitlement to relief.

Although plaintiff's amended complaint is responsive to the court's concerns only to a small degree, the court finds the attached exhibits demonstrate a sufficient factual basis for these claims to survive the motion at bar. Nevertheless, plaintiff shall submit a more definite statement as to these three claims.

In this pleading, plaintiff shall identify explicitly: (1) the specific statutory foundation for these claims; (2) dates (or periods of time) on which (or between which) the discriminatory acts allegedly occurred; (3) names and positions of discriminating officials; and (4) specific events subjecting him to specific acts of reprisal.  The court also directs that plaintiff identify specific portions of the Code of Federal Regulations on which he relies.

Plaintiff shall not reallege any of his claims verbatim.  The court encourages plaintiff to focus on the flaws in his pleadings which this court identified in the Order entered on September, 18, and which defendants adeptly demonstrate in their memorandum in support of the instant motion.  If not corrected, these flaws

5

likely will prove fatal to plaintiff's claims. The court notes further that plaintiff misstates the law of the case cited, and the law generally, when arguing he need not exhaust his administrative remedies in order to bring these claims. (*See* plaintiff's brief of legal authority in support of claims, Doc. No. 7, at ¶ V.)

## C.   Counts Four, Five, And Six Of The Amended Complaint

Defendants argue these claims should be dismissed, first, because plaintiff added the claims in the "Supplemented and/or Amended Complaint," which served as a response to this court's preceding order. Defendants argue the addition of these claims is improper without leave of court, because defendants have filed a responsive pleading.

Defendants' argument is unavailing. First, defendants' motions are not responsive pleadings. *See* Fed. R. Civ. P. 12(b); 12(e). Furthermore, Rule 15(a) permits plaintiff to add claims in an amended pleading at this stage. *See* Fed. R. Civ. P. 15(a).

Defendants next address the three claims individually, arguing each should be dismissed pursuant to Rule 12(b)(6), for failure to state a claim upon which relief can be granted. The court will address each claim individually.

### 1.   Count four: retaliation for protected employment activity.

6

Plaintiff alleges a claim for retaliation and harassment. The court construes this claim as a Title VII claim, because plaintiff, as a federal employee, may pursue a remedy for alleged retaliation in the employment context only under Title VII. *See Brown v. General Services Administration*, 425 U.S. 820, 835, 96 S.Ct. 1961, 1969, 48 L.Ed.2d 402 (1976) (concluding that "§ 717 of the Civil Rights Act ... provides the exclusive judicial remedy for claims of discrimination in federal employment"). Moreover, though this count does not suffer from all of the problems plaguing counts one, two, and three, plaintiff failed to allege he exhausted his administrative remedies and complied with the applicable administrative procedures in a timely fashion—two prerequisites for this court to proceed. *See id.* at 832, 96 S.Ct. at 1967.[2]

Accordingly, the court will allow plaintiff to file a more definite statement as to this claim as well. The court could not suggest more strongly that plaintiff address the requirement of

---

[2] In *Brown*, the Court said:

[C]omplainant must seek relief in the agency that has allegedly discriminated against him. He then may seek further administrative review with the Civil Service Commission or, alternatively, he may, within 30 days of receipt of notice of the agency's final decision, file suit in federal district court without appealing to the Civil Service Commission.

*Brown*, 425 U.S. at 832, 96 S.Ct. 1961, 1967.

7

exhausting administrative remedies.

### 2. Count five: violation of the First Amendment

In count five, which plaintiff entitles "Violation of 1[st] Amendment/Infringement of Free Speech Rights and Free Speech," plaintiff contends he suffered some reprisal for his speech protected by the First Amendment of the United States Constitution. If plaintiff has a remedy other than Title VII for any reaction to his speech, this court assumes he attempts to allege a tort claim under the *Bivens*[3] doctrine.

As the Eleventh Circuit made clear in *McCollum v. Bolger*, 794 F.2d 602, 608 (11th Cir. 1986), "*Bivens* authorizes suits against individual federal officials, not against the United States." In the original complaint, plaintiff named the Redstone Arsenal and the United States Army Aviation and Missile Command as defendants. Plaintiff has not named an individual officer in any pleading. In the amended complaint, the only defendant plaintiff mentions is the Secretary of the Army, Louis Caldera.[4] No allegation suggests Secretary Caldera was involved personally in the actions of which plaintiff complains. In short, plaintiff names no individuals in

---

[3] *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

[4] *See infra* Part II.D.

8

this count, nor does he name any in the style of the case, or anywhere else in either the original or the amended complaint.

Accordingly, this count is due to be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

### 3.   Count six: civil conspiracy

Plaintiff brings this action against his employer. He alleges no action unrelated to his employment. Rather, plaintiff relies on a conclusory allegation: "Defendants' conduct constituted and does constitute civil conspiracy of several types." (*See* amended complaint ¶¶ 28-29.) Despite this broad conclusion, plaintiff does not identify any act or any person who may have been involved. Furthermore, the only jurisdictional basis plaintiff asserts is that the conspiracy is "actionable under federal statutes."

The court will allow plaintiff to submit a more definite statement for this claim contemporaneously with the other such statements allowed above.   In that pleading, plaintiff should identify which statute serves as a jurisdictional basis, and which defendant or defendants were involved.   To avoid dismissal, plaintiff must also persuade this court that plaintiff, a federal employee, may pursue such conspiracy action and is not relegated, instead, to Title VII, the ADEA, or the Civil Service Reform Act of 1978.

9

**D.  Counts Seven, Eight, Nine, And Ten Of The Amended Complaint**

The court held in abeyance defendants' motion to dismiss
counts four, five, six, and seven of the original complaint, in
anticipation of plaintiff's response to the concerns the court
expressed.  Without regard for the court's forgiving action,
plaintiff realleges these claims[5] in counts seven, eight, nine, and
ten of the amended complaint:  "Counts Four, Five and Seven of the
original complaint field [sic] by plaintiff are realleged as if
fully set forth herein and adopted in their entirety."  (Amended
complaint ¶ 30.)

This court cannot ignore plaintiff's brash disregard for this
court's order.  Considering the blatant disregard along with the
untimely filing of the amended complaint, not to mention the
serious flaws in these claims which the court identified in its
previous opinion (see Doc. No. 4 at 3-5.), this court finds
dismissal of the claims to be the only just resolution.

**E.  Dismissal of parties**

In its order of September 18, 1998, this court held in
abeyance the motion to dismiss defendants Redstone Arsenal and the

---

[5] Plaintiff omits count six of the original complaint from paragraph 30,
in which he actually realleges these counts.  Plaintiff did include this claim
in the "title" above this paragraph.

10

United States Army Aviation and Missile Command.     In the
accompanying memorandum opinion, the court expressly "encourage[d]
the parties to address this issue in their ensuing pleadings."
(Doc. No. 4, at 7.)  Defendants did not address the issue and, in
fact, dropped the aforementioned defendants from the caption of the
case.

Accordingly, any and all of plaintiff's claims against
Redstone Arsenal and United States Army Aviation and Missile
Command are due to be dismissed.

### III. CONCLUSION

An order consistent with this memorandum opinion will be
entered contemporaneously herewith.

**DONE** this the 20th day of November, 1998.

_____
United States District Judge

11